**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| TERESA MOORE, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 5:8-CV-92-CAR-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). Specifically, Claimant seeks relief under sentence four of 42 U.S.C. § 405(g) for payment of benefits or further proceedings; in the alternative, Claimant seeks relief under sentence six of 42 U.S.C. § 405(g) via a motion for remand for consideration of additional evidence. All administrative remedies have been exhausted.

## **LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined

as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments,

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ erred by improperly rejecting the opinion of Claimant's treating psychiatrist.**

## II.   Whether the ALJ failed to fully develop the record by not seeking a physical examination of Claimant in order to support his RFC.

### Administrative Proceedings

Claimant filed the instant application for disability benefits on or about April 18, 2005.[2] (T-200). Claimant's application was denied initially and on reconsideration. (T-174, 167). Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on September 5, 2006. (T-960). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated January 17, 2007. (T-25-35). Claimant then requested a review of the ALJ's findings by the Appeals Council wherein the Appeals Council received new evidence but thereafter denied review, making the ALJ's decision the final decision of the Commissioner. (T-12-15).

### Statement of Facts and Evidence

Claimant alleges that she became unable to work on or about May 15, 1995. (T-25). After examining the medical records, the ALJ determined that Claimant has seizure disorder and bipolar disorder, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-27). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform

---

[2] Claimant notes that she originally applied for disability benefits in September and November 1996. The ALJ denied these applications, but the Appeals Council remanded the case for a new hearing. While the case was pending, Claimant filed new applications for disability in November 2000, which were consolidated with the remanded case. After the ALJ denied benefits and the Appeals Council denied review, Claimant did not pursue judicial review. Instead, Claimant filed the instant application for benefits. (R-16, p. 3).

unskilled work at the medium exertional level, subject to the need to avoid heavy lifting; avoid hazardous heights and machinery due to the risk of a seizure; and perform simple, repetitive tasks with no more than incidental contact with the public due to her mood disorder. (T-29). Accordingly, the ALJ made a finding of not disabled.

## DISCUSSION

**I.  Whether the ALJ erred by improperly rejecting the opinion of Claimant's treating psychiatrist.**

Claimant alleges that the ALJ improperly rejected the opinion of Dr. Naqvi, Claimant's treating psychiatrist. (R-16, p. 19). It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of

record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d). The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a); *see also* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. § 404.1527(e); *see also* SSR 96-5p.

In this case, it is found that the ALJ reviewed the entire record and discussed the evidence at length. The ALJ particularly reviewed Dr. Naqvi's progress notes showing that Claimant attended monthly appointments seven to eight times in 2005, took a ten month break, and returned to Dr. Naqvi in May of 2006. (T-32; R-16, pp. 12-16). In August of 2006, Dr. Naqvi completed a mental residual capacity questionnaire, which the ALJ also reviewed. Ultimately, the ALJ concluded that "the functional opinions reported by Dr. Naqvi have very limited evidentiary weight and value." (T-31, 32). The ALJ set forth the following findings leading to his conclusion:

- Dr. Naqvi's progress notes are inconsistent with his later questionnaire;
- Dr. Naqvi did not perform any clinical studies or tests to support his opinions;
- Records indicate that Claimant did not comply with the medications;
- Claimant took a ten month break from treatment with Dr. Naqvi; and
- Dr. Naqvi's records show that he found Claimant consistently capable of taking care of herself and her basic needs and that Claimant had a support system.

(T-32). It is found that the ALJ stated with particularly his reasons for discounting Dr. Naqvi's opinion and that his reasons constitute good cause.

Regarding Claimant's argument that the Commissioner failed to carry his burden of showing unjustified noncompliance, while it is true that "poverty excuses non-compliance," *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988), here there is no evidence that the ALJ attributed Claimant's noncompliance solely to Claimant's indigence. Thus, no error is found. Moreover, the ALJ based his conclusions on other reasons constituting good cause besides Claimant's non-compliance, rendering any error harmless.

Furthermore, the ALJ's findings are consistent with the 2005 findings of two state

agency psychological consultants who concluded that Claimant had only mild to moderate restrictions. (T-33). The consultants recommended that Claimant could perform simple duties involving little or no judgment and limited contact with the general public. (T-843). State agency psychological consultants are "experts in the evaluation of the medical issues in disability claims" and must be considered by the ALJ. SSR 96-6p; *see also* 20 C.F.R. §§ 404.1527 and 416.927.

As stated above, the court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner. The ALJ did not err in discounting Dr. Naqvi's opinion; the ALJ's reasons constitute good cause, and his findings are supported by substantial evidence.

## II. Whether the ALJ failed to fully develop the record by failing to re-contact Dr. Naqvi.

Claimant also argues that the ALJ erred by failing to re-contact Dr. Naqvi, arguing that the ALJ's finding that Dr. Naqvi's treatment notes are inconsistent with his mental residual functional capacity questionnaire must have been speculation since Dr. Naqvi's treatment notes are illegible. (R-16, p. 23).

It is true that because a hearing before an ALJ is not an adversarial proceeding, an ALJ has a basic duty to develop a full and fair record. However, the failure of Claimant to present adequate medical evidence to support her alleged impairments does not create a duty of the ALJ to seek and produce such evidence for her. The ALJ has a duty to re-contact a medical source if the basis of that medical source's opinion is not clear. *See* 96-5p. The

code section applicable to this issue is 20 C.F.R. § 416.912(e). Subsection (e) specifically states that medical sources will be re-contacted when the evidence is inadequate to determine whether a claimant is disabled. However, medical evidence is not "inadequate" simply because it fails to support a claimant's allegations. *See* 20 C.F.R. § 416.912(e).

No error is found. In this case, if the ALJ found Dr. Naqvi's treatment notes illegible, he would have said so. Furthermore, the initial burden of establishing disability is on the claimant, not the Commissioner. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). If Claimant believed that the medical evidence in the record at the time of the ALJ's decision was insufficient or illegible, then the burden was upon her to bring forth more adequate evidence at the appropriate time. The record demonstrates that the ALJ fulfilled his duty to develop a full and fair record. The ALJ's decision is supported by substantial evidence, and the ALJ applied the proper legal standards.

### **Claimant's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g)**

Claimant further presents to this Court for consideration an Alternative Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) and supporting brief, moving this Court to remand the case for consideration of additional evidence in the form of typed treatment notes of Dr. Naqvi. (R-20). Pursuant to sentence six of 42 U.S.C. 405(g), this Court has the power to remand the application for benefits to the Commissioner for the taking of additional evidence if the claimant can establish that (1) new, non-cumulative evidence exists; (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result; and (3) good cause exists for the failure to submit the

evidence at the appropriate administrative level. *Ingram v. Comm'n of Soc. Sec.,* 496 F.3d 1253, 1261 (11th Cir. 2007); *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985).

This Court disagrees with Claimant's contention that Dr. Naqvi's typed notes are new and non-cumulative. Dr. Naqvi's handwritten notes were part of the record at the time of the ALJ's decision. (T-824-31, 885-98). Typing the same notes does not render them new and non-cumulative.

Next, Claimant contends that Dr. Naqvi's typed notes are material in that they are relevant and probative of Claimant's condition during the time covered by the ALJ's decision. (R-20, p. 3). However, it is found that Claimant has failed to carry her burden of showing a reasonable possibility that the typed notes could have been expected to change the outcome of the case. *Caulder*, 791 F.2d at 877 (citing *Wright v. Heckler*, 734 F.2d 696 (11th Cir.1984); *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981)). As discussed above, the ALJ found Dr. Naqvi's notes adequate to make a decision. *See Caulder*, 791 F.2d at 878 (finding materiality where new evidence filled a gap that resulted from the ALJ's inadequate development of the record). Because the evidence proffered to the Court is not new but rather is a typed version of information already existing in the record, there is no reason to conclude that the typed notes would change the ALJ's decision. Therefore, Dr. Naqvi's typed notes are not material.

Third, no good cause is found for Claimant's failure to submit a typed version of Dr. Naqvi's notes to the ALJ. The Eleventh Circuit has held that:

> The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987). The good cause requirement was designed to avoid the danger of "encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned 'backdoor' means of appeal." *Milano*, 809 F.2d at 767 (citation omitted).

*Archer v. Comm'n of Soc. Sec.*, 176 Fed. Appx. 80, 82 n.3 (11th Cir. April 14, 2006). Here, as discussed above, it is found that the evidence did in fact exist at the time of the ALJ's decision. Moreover, the ALJ found such evidence an adequate on which to make his Findings, and the ALJ was under no obligation to re-contact Dr. Naqvi.

Regarding Claimant's argument that retention of new counsel is "good cause" for the presentation of new evidence, this Court finds Claimant's reasoning unpersuasive. In support of his argument, Claimant cites and attaches *DiGiovanni v. Apfel*, 1999 WL 33601325 (M.D. Fla. Feb. 8, 1999). The *DiGiovanni* court held that good cause existed excusing the claimant's failure to provide "new" evidence to the ALJ where the claimant retained new counsel who immediately submitted the form at issue to the Appeals Council and the Court. *Id*. at *6. *DiGiovanni* is distinguishable from the case at bar. While the "new" evidence in *DiGiovanni* consisted of a Medical Evaluation Form from the claimant's treating physician that was not previously a part of the record, here, as discussed above, Dr. Naqvi's notes, though handwritten, have always been a part of the record and thus do not qualify as new evidence.

Therefore, this Court finds that the newly submitted medical evidence does not

warrant remand to the ALJ for reconsideration.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED** and Plaintiff's Alternative Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 9th day of February, 2009.

                                          S/ G. MALLON FAIRCLOTH
                                          UNITED STATES MAGISTRATE JUDGE

lml