IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TERESA MOORE,** | : | |
| Claimant, | : | Civil Action No. |
| | : | 5:08-CV-92 (CAR) |
| v. | : | |
| | : | Social Security Appeal |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social Security,** | : | |
| Respondent. | : | |

**ORDER ON REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 23] to uphold the Commissioner's decision to deny Claimant disability benefits. Claimant has filed an Objection to the Recommendation [Doc. 24]. Pursuant to 28 U.S.C. § 636(b)(1), this Court has thoroughly considered Claimant's objections and has made a *de novo* determination of the portions of the Recommendation to which Claimant objects. For the reasons discussed below, however, the Court accepts and adopts the recommendations of the Magistrate Judge. The decision of the Commissioner of Social Security is accordingly **AFFIRMED**, and Claimant's Alternative Motion for Remand under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**.

**STANDARD OF REVIEW**

This court's role in reviewing claims brought under the Social Security Act is a narrow one. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). It is limited to a determination of whether the Commissioner's decision is supported by substantial evidence and whether the correct legal

standards were applied in the proceedings below. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); see also Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). The court may neither decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner. Bloodsworth, 703 F.2d at 1239. Credibility determinations are left to the Commissioner and not to the courts. Carnes, 936 F.2d at 1219. It is also solely up to the Commissioner to resolve conflicts in the evidence. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).

The courts, however, are not to "act as automatons" in this role. Bloodsworth, 703 F.2d at 1239. The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Id. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The Commissioner's decision must be affirmed if substantial evidence supports it – even if the evidence preponderates against it. Id. No similar presumption of validity attaches to the Commissioner's legal conclusions, however. Walker, 826 F.2d at 999. The Commissioner must apply correct legal standards to the evidence and provide the reviewing court with a sufficient basis to determine that the correct legal principles have been followed; failure to do so is grounds for reversal. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

**FACTUAL AND PROCEDURAL HISTORY**

Claimant filed the instant application for disability benefits on or about April 18, 2005. Her application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on September 5, 2006. After examining the medical records in this case, the ALJ below determined that Claimant has seizure disorder and bipolar disorder, impairments which he found to be severe within the meaning of the Regulations but not severe

enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further found, based upon a review of the entire record, that Claimant has the residual functional capacity (RFC) to perform unskilled work at the medium exertional level, subject to the need to avoid heavy lifting; avoid hazardous heights and machinery due to the risk of a seizure; and perform simple, repetitive tasks with no more than incidental contact with the public due to her mood disorder. Ultimately, the ALJ found that the Claimant was not disabled. Thereafter, Claimant requested a review of the ALJ's findings by the Appeals Council wherein the Appeals Council received new evidence but thereafter denied review, making the ALJ's decision the final decision of the Commissioner.

**DISCUSSION**

In the present appeal, Claimant states two grounds upon which she believes that the decision of the Commissioner should be reversed. She alleges: (1) that the ALJ improperly rejected the opinion of her treating psychiatrist, Asad Naqvi, M.D., and (2) that the ALJ failed to fully develop the Record by choosing not to re-contact Dr. Naqvi before reaching the final decision. Claimant further moved, in the alternative, for this Court to remand the case, under sentence six of 42 U.S.C. 405(g), for consideration of "new" evidence in the form of typed treatment notes of Dr. Naqvi. The United States Magistrate Court considered each of these arguments and concluded that the ALJ's decision in this case is supported by substantial evidence and that the ALJ applied the proper legal standards. The Magistrate Judge further determined that remand for consideration of the new evidence identified by Claimant was not warranted. This Court agrees with those conclusions.

**I.      The weight afforded to the opinion of Claimant's treating psychiatrist.**

In her first ground, Claimant contends that the ALJ failed to give appropriate weight and deference to the medical opinion of her treating physician, Asad Naqvi, M.D. As the Magistrate Judge correctly explained in his Report and Recommendation, the opinion of a treating physician, like Dr. Naqvi in this case, is entitled to substantial weight unless good cause exists for not heeding it. Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report, on the other hand, may be properly discounted "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Phillips v. Barnhart, 357 F.3d 1232, 1240-41 (11th Cir.2004). Thus, to give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p. The ALJ must additionally find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" in the Record. Id. In any case, the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician; failure to do so is grounds for reversal.

Here, the ALJ clearly recognized the appropriate weight to be given to the opinions of treating physicians. In his decision, the ALJ explained that a treating physician's opinion regarding the nature and severity of a claimant's condition is given controlling weight "when it is well supported by acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record (20 C.F.R. 404.1527(d)(2), 416.927(d)(2) & SSR 96-2p)." (R. at 32). The ALJ then went onto to conclude that Dr. Naqvi's treatment notes were *not* consistent with the extreme symptoms and limitations later reported by Dr. Naqvi in his August 2006 responses to the "Mental

4

Residual Functional Capacity Questionnaire," in which he opined that Claimant was "generally unable to meet competitive standards or had no useful ability to function in regard to her abilities to do unskilled, semi-skilled, or skilled work." (R. at 31 and 879-83). In his August 2006 opinion, Dr. Naqvi specifically indicated, among other things, that Claimant could not maintain an attention span for a two-hour period, maintain regular attendance at a work place, sustain an ordinary routine, work in coordination with others, or adhere to basic standards of neatness and cleanliness. Id. In an effort to explain the inconsistencies between these extreme conclusions and Dr. Naqvi's treatment notes, the ALJ pointed out that Dr. Naqvi's treatment notes consistently indicated that Claimant's "mental status was generally normal." During treatment Dr. Naqvi specifically noted that Claimant's "mental status was generally normal, although she was anxious and disoriented, with impaired concentration and attention as her medications were adjusted just before she reported being less depressed." In August of 2006, Dr. Naqvi concluded, during treatment, that "[a]lthough her mood was irritable, the claimant's appearance was appropriate and attitude was cooperative." Dr. Naqvi's notes also indicated that Claimant's health was strong and that she was "consistently capable of taking care of herself." (R. at 32). Upon a review of the medical records in question, the Court finds that the AJL's conclusion that Dr. Naqvi's treatment notes were not consistent with the extreme limitations he described in his August 2006 Questionnaire is, in fact, supported by substantial evidence.

On this point, the ALJ further noted that there is no evidence of any specific clinical studies or test performed by Dr. Naqvi which would support his extreme opinions. On appeal, Claimant argues that the ALJ erroneously failed to identify what types of studies should have been performed. The Court disagrees. The ALJ's conclusion on this point goes more generally to the absence of support for his conclusions stated in the August 2006 Questionnaire. The ALJ is not required to specify all the different ways that the treating physician could have provided support for his position in his treatment

notes.  As noted above, the ALJ may properly disregard the opinion of a treating physician if the opinion is not "'well supported' by 'medically acceptable' clinical and diagnostic techniques." SSR 96-2p.  Inasmuch, the ALJ "cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion."  Id.  Upon a review of the Record, it is clear that many of the conclusions reached by Dr. Naqvi in his August 2006 Questionnaire are not directly supported by his treatment notes.  Claimant seems to concede as much, acknowledging that the medical notes were made for the purposes of treatment and do not contain all notations relevant to this litigation.  Thus, while Dr. Naqvi's August 2006 opinions may in fact be "medical opinions" about Claimant's functional limitations, it was not error for the ALJ to note the lack of other support for such opinions in Dr. Naqvi's treatment records.

Claimant additionally claims that ALJ  improperly relied upon an erroneous conclusion that Plaintiff could take care of herself and her basic needs in deciding reject Dr. Naqvi's August 2006 opinion.  The Court, again, finds no error in the ALJ's consideration of this finding by Dr. Naqvi. Inasmuch, the ALJ did not ultimately conclude this point; rather, the ALJ, in the context of reviewing Dr. Naqvi's treatment records, noted that Dr. Naqvi had found Claimant to be "consistently capable of taking care of herself and her basic needs . . . ."  (R. at 32).  This evidence, therefore, was simply another example of how Dr. Naqvi's treatment notes were inconsistent with the extreme findings stated in the August 2006 opinion that Claimant could not "sustain an ordinary routine" or "adhere to basic standards of neatness and cleanliness."

Finally, Claimant objects to the ALJ's reference to the fact that Claimant may not have been compliant with her medications when he was considering the weight to be applied to Dr. Naqvi's opinions.  Claimant contends that the ALJ erred in this respect because evidence suggested that any failure by Claimant to take her medications was due only to Claimant's poverty and administrative

6

problems with Medicaid. As Claimant contends, "poverty excuses non-compliance," and thus a claimant's failure to follow prescribed treatment cannot be used to deny benefits if she testifies that she cannot afford treatment. See Dawkins v. Bowen, 848 F.2d 1211, 1213-14 (11th Cir. 1988). The Court need not address this issue, however. The ALJ clearly did not base his decision solely on the fact that Claimant was not always compliant with taking her medication. His finding that Dr. Naqvi's treatment notes were *not* consistent with the extreme symptoms and limitations later reported by Dr. Naqvi in his August 2006 opinion was alone a sufficient and properly supported ground for not affording Dr. Naqvi's opinion's controlling weight in this case. See East v. Barnhart, 197 Fed. Appx. 899, 903 (11th Cir. 2006) (finding substantial evidence supported decision to reject the opinion of treating psychiatrist where opinion was inconsistent with psychiatrist's treatment notes). The Court thus finds no error by the ALJ in finding that the functional opinions reported by Dr. Naqvi had a very limited evidentiary weight and value.

**II.      The ALJ's failure to re-contact Dr. Naqvi**

In her second ground for objection, Claimant contends the ALJ erred by choosing not to re-contact Dr. Naqvi to clarify notations he made in the treatment records. Claimant contends that the ALJ was required to re-contact Dr. Naqvi because his treatment notes are largely illegible. On this ground, the Court fully agrees with the findings and conclusions of the Magistrate Judge. The applicable social security regulation, 20 C.F.R. § 416.912(e), provides that a treating physician will be re-contacted when the evidence received from the treating physician "is inadequate for [the ALJ] to determine whether [the claimant is] disabled." Id. As such, under the applicable regulations, the ALJ only has a duty to recontact the treating physician when the evidence is deemed to be inadequate. See Driver v. Astrue, 2009 WL 631221 at *20 (N.D. Ga. Mar. 9, 2009) (slip copy) (citing White v. Barnhart, 287 F.3d 903,

908 (10th Cir.2001)).  The ALJ is not required to recontact a physician every time the ALJ chooses, for good cause, to reject his opinion.  Id.  In the present case, the ALJ did not find the physicians' records to be inadequate.  The ALJ merely concluded that Dr. Naqvi's August 2006 opinion was not consistent with his prior treatment notes and other evidence in the record.  The ALJ thus properly exercised his discretion in choosing not to recontact Dr. Naqvi.

Moreover, there is no reason to believe that the ALJ could not sufficiently decipher Dr. Naqvi's treatment notes, as Claimant now contends.  The ALJ in fact discussed the evidence in detail in his written decision.  His treatment of Dr. Naqvi's notations appear clear and comprehensive based upon this Court's review of the Record.  And, as the Magistrate Judge noted, if the ALJ found Dr. Naqvi's treatment notes illegible, he would have likely said so.  Claimant has not identified, and this Court cannot, find any statement by the ALJ which would indicate that he could not make out Dr. Naqvi's notations.  This Court will, therefore, decline to assume that he could not.  The Court finds no error in the ALJ's decision not to re-contact Dr. Naqvi in this case.

For the same reason, the Court agrees with the Magistrate Judge's conclusion that Claimant is not entitled to remand under sentence six of 42 U.S.C. 405(g).  In his motion for remand, Claimant contends that "new" evidence the form of typed treatment notes of Dr. Naqvi warrant remand under sentence six of 42 U.S.C. 405(g).  That Code Section provides that an application for benefits may be remanded "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." Ingram v. Comm'n of Soc. Sec., 496 F.3d 1253, 1261 (11th Cir. 2007).  As the United States Magistrate Judge found, evidence consisting of a typed version of Dr. Naqvi's notes does not constitute new evidence in this case.  "Dr. Naqvi's handwritten notes were part of the record at the time of the ALJ's decision. . . . Typing the same notes does not render them new and non-cumulative." (Report and

8

Recommendation at 10). Moreover, as discussed above, there is no reason to believe that the ALJ could not sufficiently decipher Dr. Naqvi's handwritten notes. There is no reason to believe, therefore, that consideration of the typed notes would in change the outcome of that proceeding. Claimant has thus failed to show that she is entitled to remand under 42 U.S.C. 405(g).

## CONCLUSION

Accordingly, after careful consideration of the Record and all briefs filed, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. The Decision of the Commissioner of Social Security is **AFFIRMED**, and Claimant's Alternative Motion for Remand under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**.

SO ORDERED this 15th day of April, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

jlr